In the United States District Court
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| DEANNA RODRIGUEZ | § § | |
| V. | § § | Civil Action No. _____ |
| WORLDWIDE FLIGHT SERVICES INC. AND REALTERM US, INC. | § § § | Defendant demands a jury. |

## Notice of Removal

To the Honorable United States District Court:

Comes now, Realterm US, Inc., and files this, its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, alleging that diversity jurisdiction exists under 28 U.S.C. § 1332, and removing the above-captioned case from the 270th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support, Defendant respectfully shows the Court the following:

### I.   Introduction

1. On June 28, 2022, Plaintiff Deanna Rodriguez filed suit in the 270th Judicial District Court of Harris County, Texas against Realterm US, Inc. and Worldwide Flight Services, Inc., for damages allegedly suffered as the result of an incident that occurred on August 14, 2020, in Harris County, Texas. *See* Exhibit 1. On that date, Plaintiff was allegedly injured while making a delivery to Bush

Intercontinental Airport. Realterm was served with process on July 8, 2022. *Id.* Co-defendant Worldwide Flight Services, Inc. was served with process on July 8, 2022 as well. *Id.*

2. Removal is proper because there is complete diversity between the parties and Plaintiff is seeking over $75,000 in damages.

## II.   Procedural Requirements for Removal

3. Upon filing this Notice of Removal, Realterm provided written notice of this removal to Rodriguez and the Harris County District Court clerk as required by 28 U.S.C. § 1446(d). An index, followed by the docket sheet and copies of all processes, pleadings, and orders are attached hereto as Exhibit 1 pursuant to Local Rule 81 and 28 U.S.C. § 1446(a). Additionally, pursuant to Local Rule 81, a list of all counsel, the parties they represent, and their contact information is attached hereto as Exhibit 2.

4. This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) as it is filed on or before the expiration of 30 days from July 8, 2022, the date that Realterm was served with Plaintiff's Original Petition. *See* Exhibit 1, Returns of Service.

### III.   Venue

5.   This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

### IV.   Parties

6.   In her Original Petition, at ¶2, Plaintiff indicates that she is a resident of Harris County, Texas.

7.   Realterm is a Delaware corporation having its principal place of business in the State of Maryland.

8.   Worldwide Flight Services, Inc. is a Delaware corporation, having its principal place of business in the State of New York.

### V.   Basis for Removal

9.   Federal courts may exercise diversity jurisdiction in civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.[1] Additionally, none of the properly joined and served defendants may be a citizen of the forum state.[2] The removing defendant bears the burden to show that proper federal diversity jurisdiction exists to sustain removal.[3]

---

[1]   28 U.S.C. § 1332(a)(1).
[2]   *Id.* at § 1441(b).
[3]   *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

10. The relevant jurisdictional facts are to be judged at the time of removal.[4] Subsequent events, such as filing an amended complaint cannot deprive the court of jurisdiction once it has attached.[5]

**A. There is complete diversity amongst the parties.**

11. In this case, there is complete diversity between the parties as the Plaintiff, Rodriguez, is a citizen of Texas, and the Defendants, Realterm and Worldwide Flight Services, Inc. are both Delaware corporations, with their principal places of business in Maryland and New York, respectively. None of the defendants are citizens of Texas, the forum state.

**B. The amount in controversy exceeds $75,000.**

12. Under 28 U.S.C. § 1446(c)(2), when removal is based on diversity jurisdiction, the sum demanded in good faith in the initial state-court pleading is the amount in controversy. Further, the United States Supreme Court held in *Dart Cherokee Basin Operating Co., LLC v. Owens* that if a plaintiff's state-court complaint makes a good faith demand for a certain amount of monetary relief, that amount is deemed to be the amount in controversy.[6]

---

[4] *Id.*
[5] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (reducing damages after removal not allowed).
[6] *See* 135 S. Ct. 547, 551 (2014) (citing § 1446(c)(2)).

13. Here, Plaintiff Rodriguez expressly pleaded in her state-court petition that she is seeking to recover over $250,000 but less than $1,000,000. Accordingly, the amount-in-controversy requirement has been satisfied.

### VI.   Unanimity of Consent for Removal

14. When removal is based on diversity jurisdiction, generally all defendants who have been properly joined and served in the suit must join in the notice of removal or consent to the removal.

15. Claire Parsons, counsel for Worldwide Flight Services, Inc. has confirmed that Worldwide Flight Services, Inc. consents to removal of this case to federal court.

### VII.   Conclusion

16. Realterm US, Inc. has shown that complete diversity of the parties exists in this case and that the amount in controversy exceeds the $75,000 jurisdictional threshold. For these reasons, Realterm US, Inc. has demonstrated that the requirements for removal under 28 U.S.C. § 1441 have been satisfied.

### VIII.   Prayer

Wherefore, premises considered, Defendant Realterm US, Inc. prays that the state court action now pending in the 270th District Court of Harris County, Texas, be removed to this Honorable Court.

Respectfully submitted,

_____
Brendan P. Doherty
Texas State Bar No. 24075923
Southern District Bar No. 1487416
bdoherty@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas 77056
Telephone: (832) 255-6000
Facsimile: (832) 255-6001
Attorney-in-Charge for Defendant,
Realterm US, Inc.

## Certificate of Consent

I hereby certify that Co-Defendant Worldwide Flight Services, Inc., by and through its counsel, Ms. Claire Parsons, consents to the removal of this case from state court to this Honorable Court.

_____
Brendan P. Doherty

## Certificate of Service

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record via the CM/ECF electronic filing system or facsimile on this 2nd day of August, 2022.

_____
Brendan P. Doherty