In the United States District Court
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Deanna Rodriguez | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-02557 |
| | § | |
| Worldwide Flight Services, Inc. | § | |
| and Realterm US, Inc. | § | Defendant demands a jury. |
| *Defendants.* | § | |

## Defendant Realterm US, Inc.'s Answer and Jury Demand

To the Honorable United States District Court:

Comes now, Realterm US, Inc., and files this, its Answer and Jury Demand, in response to Plaintiff's Original Petition. In support, Defendant respectfully shows the Court the following:

### I.    Admissions and Denials

1.    The allegations contained in paragraph 1 of Plaintiff's Original Petition deal with inapplicable state court procedures, and require no response from this Defendant.

2.    The allegations contained in paragraph 2 of Plaintiff's Original Petition are admitted.

3.    With regard to the allegations contained in paragraph 3 of Plaintiff's Original Petition, the allegations pertaining to citizenship are,

upon information and belief, admitted. The allegations concerning personal jurisdiction are denied for lack of sufficient information to justify a belief therein.

4. With regard to the allegations contained in paragraph 4 of Plaintiff's Original Petition, the allegations pertaining to citizenship are admitted. The allegations concerning personal jurisdiction are denied. Additionally, Defendant would show, without in any way conceding liability, that the <u>proper party Defendant in this matter is Aero Houston East, LP</u>.

5. With regard to the allegations contained in paragraph 5 of Plaintiff's Original Petition, the allegations pertaining to the amount in controversy are admitted. The remainder of the paragraph sets forth a prayer for relief, to which no response is required; however, to the extent a response may be required, said allegations are denied.

6. Defendant admits paragraph 6 of Plaintiff's Original Petition insofar as venue is proper in this Honorable Court. The remainder of the allegations are denied.

7.     The allegations contained in paragraph 7 of Plaintiff's Original Petition are denied for lack of sufficient information to justify a belief therein.

8.     The allegations contained in paragraph 8 of Plaintiff's Original Petition are denied.

9.     The allegations contained in paragraph 9 of Plaintiff's Original Petition are denied.

10.     The allegations contained in paragraphs 10-17 of Plaintiff's Original Petition are denied.

11.     Defendant is not required to make an admission or denial of paragraph 18 of Plaintiff's Original Petition because no allegation is made, but Defendant admits this case meets the requisites for trial by jury.

## II.     Affirmative Defenses

**First Affirmative Defense**

12.     Defendant pleads entitlement to the benefits and protections afforded by Texas Civil Practice and Remedies Code Sections 72.051-055 and reserves the right to seek bifurcation and any other remedies provided for in these provisions.

**Second Affirmative Defense**

13.   In the alternative and without waiver of the foregoing, Plaintiff's damages, if any, and which are denied, were directly and proximately caused or contributed to by the acts and/or omissions of Plaintiff. Plaintiff's recovery, if any, must be diminished in accordance with her own fault.

**Third Affirmative Defense**

14.   In the alternative and without waiver of the foregoing, Plaintiff has failed to mitigate her damages, if any.

**Fourth Affirmative Defense**

15.   In the alternative and without waiver of the foregoing, Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, and which are denied, were proximately caused by new, independent, superseding and/or intervening causes or events.

**Fifth Affirmative Defense**

16.   In the alternative and without waiver of the foregoing, Plaintiff's claims are barred insofar as no action or omission on the part of any party for whose conduct Defendant is legally responsible constituted a direct, substantial, proximate or contributory cause of any

alleged damages claimed by Plaintiff. Pleading further, Defendant avers that any party for whose conduct Defendant is responsible exercised reasonable care at all times pertinent under the circumstances presented.

**Sixth Affirmative Defense**

17.   In the alternative and without waiver of the foregoing, Plaintiff's damages, if any, and which are denied, were directly and proximately caused or contributed to by the acts and/or omissions of other parties to this action and/or the acts and/or omissions of other, third-party individuals, firms, corporations or entities over whom this Defendant had no right of control and for whom Defendant is not legally responsible. Plaintiff's recovery, if any, must be diminished in accordance with the fault of such other parties and non-parties.

**Seventh Affirmative Defense**

18.   In the alternative and without waiver of the foregoing, certain of the injuries alleged by Plaintiff existed prior to the alleged accident, and as such, Defendant is not liable for said alleged injuries and/or any resulting damages to Plaintiff. In the alternative, and only in the event that it should be found that preexisting injuries were aggravated by the

alleged accident, Defendant avers entitlement to the limitation of any damages claimed to those resulting from aggravation alone and not from the preexisting injuries.

**Eighth Affirmative Defense**

19.   In the alternative and without waiver of the foregoing, Defendant alleges that it is entitled to a credit, reduction, offset, contribution and/or indemnity from any claimant, defendant, settling party, and/or responsible third party to the extent that they are legally responsible for the damages alleged by Plaintiff or have made any payment to Plaintiff for the damages alleged in this proceeding.

**Ninth Affirmative Defense**

20.   In the alternative and without waiver of the foregoing, Defendant would show that Plaintiff's recovery of damages, if any, must be limited pursuant to Texas Civil Practice & Remedies Code §§ 41.001, *et. seq*.

**Tenth Affirmative Defense**

21.   In the alternative and without waiver of the foregoing, Defendant would show that Plaintiff is not entitled to any award of punitive or exemplary damages, and if exemplary damages are awarded,

any award should be subject to any and all limits and "caps" imposed by Texas law. Pleading further, Defendant would show that under Texas law, a jury has wholly unfettered discretion to award exemplary damages in a tort case in which the defendant acts with a sufficient mental state. Any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19, of the Texas Constitution, in that: (a) Such punitive damages are intended to punish and deter Defendant and thus this proceeding becomes essentially criminal in nature; (b) Defendant is being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of its right to due process, and in violation of the Constitution of the United States and of the State of Texas; (c) Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendant's rights to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and rights of under Article 1, Section 19 of the Texas Constitution; and (d) Inasmuch as this preceding is essentially and

effectively criminal in nature, Defendant is being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous as to be in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19, of the Texas Constitution. Defendant would further show that Plaintiff's claim for punitive or exemplary damages violates Defendant's right to protection from being subjected to excessive fines, as provided in Article 1, Section 13 of the Texas Constitution.

**Eleventh Affirmative Defense**

22.    In the alternative and without waiver of the foregoing, Defendant would show that the provisions of Texas Civil Practice & Remedies Code §§ 33.001-.017 are applicable to the instant case.

**Twelfth Affirmative Defense**

23.    In the alternative and without waiver of the foregoing, Defendant alleges that Plaintiff's recovery, if any, of loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or other

loss is subject to the limitations and instructions of Texas Civil Practice & Remedies Code § 18.091.

**Thirteenth Affirmative Defense**

24.     Defendant would show that Plaintiff has not sued the correct entity.  Without in any way admitting liability for the alleged incident, Defendant would show that <u>the proper party Defendant in this matter is Aero Houston East, LP</u>.

### III.   Reservation

25.     Defendant specifically reserves the right to file additional amended and/or supplemental Answers, Third-Party Original Petitions, Counterclaims and/or Cross Claims, additional affirmative defenses and/or other matters constituting avoidance such as the facts of this matter may disclose and require.

### IV.   Jury Demand

26.     Defendant demands a trial by jury of all issues raised in this proceeding.

### V.   Prayer

Wherefore, premises considered, Defendant Realterm US, Inc. prays that the Court render judgment that Plaintiff take nothing and dismiss the suit with prejudice, assess costs against Plaintiff, award

Defendant its reasonable attorneys' fees, and award such other and further relief to which Defendant is entitled at law or in equity.

Respectfully submitted,

Brendan P. Doherty
Attorney-in-Charge
Texas State Bar No. 24075923
bdoherty@glllaw.com
Shannon R. Ramirez
Texas State Bar No. 00794537
sramirez@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas 77056
Telephone: (832) 255-6000
Facsimile:  (832) 255-6001
***Attorneys for Defendant***
***Realterm US, Inc.***

## Certificate of Service

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record via the CM/ECF electronic filing system or facsimile on this 9th day of August, 2022.

Brendan P. Doherty