In the United States District Court
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| DEANNA RODRIGUEZ | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NUMBER |
| v. | § | 4:22-CV-02557 |
| | § | |
| WORLDWIDE FLIGHT SERVICES, | § | |
| INC. AND REALTERM US, INC. | § | |
| *Defendants.* | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Deanna Rodriguez ("***Plaintiff***") files this First Amended Complaint against Defendants Worldwide Flight Services, Inc., Realterm US, Inc., and Aero Houston, L.P., ("***Defendants***") and would show:

## INTRODUCTION

1.      Plaintiff filed an original Petition for Damages in this matter on June 28, 2022 in the District Court of Harris County, Texas.

2.      This case was removed to the District Court for the Southern District of Texas on August 2, 2022 by Defendant Realterm US, Inc. on the basis of diversity jurisdiction pursuant to 28 U.S.C. 1332.

3.      Plaintiff herein files its First Amended Complaint, adopting the original Petition filed and adding as a Defendant Aero Houston East, L.P. herein.

## JURISDICTION AND VENUE

4.      Jurisdiction in this action is based on diversity jurisdiction pursuant to 28 U.S.C. 1332.

5.      Venue arises out of 28 U.S.C. 1441(a) because this district and division embrace the county where the removed action was pending.

## PARTIES

6.      Plaintiff is an individual residing in Harris County, Texas.  Plaintiff may be served through undersigned counsel.

7.      Defendant Worldwide Flight Services, Inc. is a Delaware corporation subject to this Court's jurisdiction that may be served through its counsel.

8.      Defendant Realterm US, Inc. d/b/a Aeroterm is a Maryland corporation subject to this Court's jurisdiction that may be served through its counsel.

9.      Defendant Aeroterm Houston East, L.P. is a Delaware corporation subject to this Court's jurisdiction that may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900 Dallas, TX 75201. Plaintiff requests issuance of citation to Defendant.

## FACTS

10.     Plaintiff adopts all previous facts and allegations made in its Original Petition filed on June 28, 2022. Plaintiff further re-iterates and states new facts herein.

11.     On or about August 14, 2020, Plaintiff was a commercial driver for Forward Air Corporation making deliveries in and around Bush Intercontinental Airport.  At the time of the incident, Plaintiff was parked at Defendants' loading terminal located at 19115 Lee Road, Humble, Texas 77338.

2

12.     While Plaintiff was in the unloading process, Defendants' agent, servant, contractor, and/or employee closed the overhead door of the cargo bay on her head.

13.     As a result, Plaintiff suffered a serious head injury and serious loss for which she seeks redress.

## CAUSES OF ACTION

### Negligence, Gross Negligence, and Premises Liability

14.     Plaintiff hereby incorporates by reference all paragraphs in this Petition.

15.     At all relevant times, Defendants owned and/or retained control over the premises where the Plaintiff was injured.

16.     Defendants owed a duty to Plaintiff to conduct its operations in a reasonably safe manner and give adequate warning of any hazardous conditions on the Premises.

17.     Defendants breached this duty through their acts and omissions, including, but not limited to, the following:

   a. Negligently closing an overhead door on Plaintiff;

   b. Failing to inspect and make safe any dangerous condition on the premises;

   c. Failing to care for the premises in a reasonable manner;

   d. Failing to properly train its employees in the techniques of unloading delivery vehicles;

   e. Failing to develop and implement proper safety protocols for employees engaged in unloading delivery vehicles;

   f. Failing to enforce any existent precautionary measures and safety protocols;

   g. Failing to supervise the premises, its employees and/or contractors;

   h. Failing to provide safe and effective assistance to Plaintiff;

i.      Failing to warn Plaintiff of a dangerous condition;

j.      Failing to keep a proper lookout;

k.      Disregarding the safety of Plaintiff; and

l.      Other acts deemed by the jury to be negligent.

18.     Moreover, Defendants are liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including the janitorial staff, security, maintenance staff, or any other staff member in charge of keeping the premises safe for delivery personnel and other workers.  The acts and/or omissions committed by Defendants' agents, servants, and/or employees were performed during the course and scope of their employment with Defendants, which proximately caused the damages pled herein.

19.     Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

20.     Defendants' conduct as described above constituted gross negligence in that its acts or omissions, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  Therefore, Plaintiff is entitled to, and seeks, exemplary damages in this action under Sections 41.001 *et seq*. of the Texas Civil Practice and Remedies Code.

**DAMAGES**

21.     Plaintiff's damages include, *inter alia*, injuries to their head, neck, and other parts of her body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems.  Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendants' negligence.  Therefore, Plaintiff brings suit for the following damages:

        a.   Past and future medical expenses;

        b.   Past and future physical pain and suffering.

        c.   Past and future mental anguish;

        d.   Past and future physical impairment;

        e.   Past and future physical disfigurement; and

        f.   Past and future lost wages and lost earning capacity;

**DEMAND FOR JURY TRIAL**

22.     Plaintiff demands a trial by jury on all claims.

**PRAYER**

Plaintiff prays that Defendants be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, exemplary damages, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

ARMSTRONG LEE & BAKER LLP

By:＿＿＿*/s/ C.J. Baker*＿＿＿＿
C.J. Baker
State Bar No. 24086719
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone:    (832) 709-1124
Facsimile:     (832) 709-1125
cjbaker@armstronglee.com

ATTORNEY IN CHARGE

Of Counsel:

Scott P. Armstrong
State Bar No. 24092050
Jacqui A. Stump
State Bar No. 24110954
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone:    (832) 709-1124
Facsimile:     (832) 709-1125
sarmstrong@armstronglee.com
jstump@armstronglee.com