In the United States District Court
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| DEANNA RODRIGUEZ | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NUMBER |
| v. | § | 4:22-CV-02557 |
| | § | |
| WORLDWIDE FLIGHT SERVICES, | § | |
| INC. AND REALTERM US, INC. | § | |
| *Defendants.* | | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Deanna Rodriguez ("***Plaintiff***") files this Second Amended Complaint against Defendant Worldwide Flight Services, Inc. ("***Defendant***") and would show:

### INTRODUCTION

1.    On June 28, 2022, Plaintiff filed her original Petition in the District Court of Harris County, Texas seeking compensation for the damages asserted herein.

2.    On August 2, 2022, Defendant Realterm US, Inc. removed Plaintiff's case to the District Court for the Southern District of Texas by on the basis of diversity jurisdiction pursuant to 28 U.S.C. 1332.

3.    On August 12, 2022, Plaintiff filed her First Amended Complaint, adopting the original Petition filed and adding Aero Houston East, L.P. as a defendant.

4.    Plaintiff herein files her Second Amended Complaint, removing Realterm US, Inc. (Aeroterm US, Inc.) and Aero Houston East, L.P. as defendants.

## JURISDICTION AND VENUE

5.     Jurisdiction in this action is based on diversity jurisdiction pursuant to 28 U.S.C. 1332.

6.     Venue arises out of 28 U.S.C. 1441(a) because this district and division embrace the county where the removed action was pending.

## PARTIES

7.     Plaintiff is an individual residing in Harris County, Texas.

8.     Defendant Worldwide Flight Services, Inc. is a Delaware corporation subject to this Court's jurisdiction and has appeared and answered herein.

## FACTS

9.     On or about August 14, 2020, Plaintiff was performing work as a commercial driver making deliveries for Forward Air Corporation in and around Bush Intercontinental Airport.

10.     Plaintiff had parked her tractor-trailer at a loading terminal located at 19115 Lee Road, Humble, Texas 77338. At all relevant times, the premises was operated and controlled by Defendant, who had employees on site conducting loading operations.

11.     Plaintiff was standing near the back of her trailer, which had an overhead, roll down door.

12.     One of Defendant's on-site employees improperly handled the roll down door on the back of Plaintiff's trailer, causing the door to strike Plaintiff on the head.

13.     As a result, Plaintiff suffered severe injuries, including but not limited to a serious head injury and other loss for which she now seeks redress.

2

## CAUSES OF ACTION

### Negligence and Gross Negligence

14.     Plaintiff hereby incorporates by reference all paragraphs in this Complaint.

15.     At all relevant times, Defendant owed a duty to Plaintiff to conduct its operations in a reasonably safe manner.

16.     Defendant breached this duty through its acts and omissions, including, but not limited to, the following:

>   a.     Negligently closing an overhead door on Plaintiff;
>
>   b.     Failing to properly train its employees in the techniques of unloading delivery vehicles;
>
>   c.     Failing to develop and implement proper safety protocols for employees engaged in unloading delivery vehicles;
>
>   d.     Failing to enforce any existent precautionary measures and safety protocols;
>
>   e.     Failing to supervise its employees and/or contractors;
>
>   f.     Failing to provide safe and effective assistance to Plaintiff;
>
>   g.     Disregarding the safety of Plaintiff; and
>
>   h.     Other acts deemed negligent.

17.     Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

18.     Defendant is liable under the doctrine of *respondeat superior* for the acts and omissions of its agents, servants, employees, and statutory employees and agents, including the individual who improperly handled the roll down door of Plaintiff's trailer.  The acts and/or omissions committed by Defendant's agents, servants, and/or employees were performed

3

during the course and scope of their employment with Defendant, which proximately caused the damages pled herein.

19.     Defendant's conduct as described above constituted gross negligence in that its acts or omissions, when viewed objectively from the standpoint of Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  Therefore, Plaintiff is entitled to, and seeks, exemplary damages in this action under Sections 41.001 *et seq.* of the Texas Civil Practice and Remedies Code.

## DAMAGES

20.     Plaintiff's damages include, *inter alia*, injuries to their head, neck, and other parts of her body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems.  Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence.  Therefore, Plaintiff brings suit for the following damages:

a.   Past and future medical expenses;

b.   Past and future physical pain and suffering;

c.   Past and future mental anguish;

d.   Past and future physical impairment;

e.   Past and future physical disfigurement; and

f.   Past and future lost wages and lost earning capacity.

## PRAYER

Plaintiff prays that Defendant be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, exemplary damages, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

**ARMSTRONG LEE & BAKER LLP**

By:____*/s/ C.J. Baker*_____
      C.J. Baker
      Attorney in Charge
      S.D. Tex. Bar No. 3555247
      State Bar No. 24086719
      Emily Faber Vechan
      S.D. Tex. Bar No. 3600474
      State Bar No. 24087488
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone:   (832) 709-1124
Facsimile:   (832) 709-1125
cjbaker@armstronglee.com
evechan@armstronglee.com

**ATTORNEY IN CHARGE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 16, 2023, a true and correct copy of the foregoing was electronically filed with Clerk of the Court using the CM/ECF system. I further certify that the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/EC participants.

*/s/ C.J. Baker*
C.J. Baker